UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSELMO A. PEDROZA,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>JAMES E. TILTON, Secretary,<br><br>　　　　　　　　　　Respondent.[1] | Civil No. 05cv2169-BTM (PCL)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS AND DENYING REQUEST FOR EVIDENTIARY HEARING;**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND**<br><br>**(4) ISSUING A CERTIFICATE OF APPEALABILITY** |

　　　Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner claims his conviction of three counts of second degree murder was obtained in violation of his right to due process under the state and federal Constitutions, due to jury instructions which eliminated a mens rea element by equating it with negligence, and/or reduced the prosecution's burden of proof as to that element. Presently before the Court is a Report and Recommendation ("R&R")

---

[1] The Court sua sponte substitutes James E. Tilton, the Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of former Respondent, James Hall, the former Warden of the institution where Petitioner is presently confined.

submitted by United States Magistrate Judge Peter C. Lewis, which recommends denying the Petition on the basis that the jury was properly instructed on the mens rea element under state law, and there is no clearly established federal law precluding California from defining the mens rea element of second degree murder in the manner in which it has been defined. (Doc. No. 23.) Petitioner has filed objections to the R&R. (Doc. No. 23.) Petitioner requests an evidentiary hearing, and contends that the requirement that every element of a crime be proven beyond a reasonable doubt was clearly established by In re Winship, 397 U.S. 358 (1970), and that the requirement that every crime contain a mens rea element was clearly established by Staples v. United States, 511 U.S. 600 (1994) and Morissette v. United States, 342 U.S. 246 (1952).

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the following reasons, the Court adopts the findings and conclusions of the Magistrate Judge as set forth below and overrules Petitioner's objections thereto, denies Petitioner's request for an evidentiary hearing, denies habeas relief, and issues a Certificate of Appealability as to each claim presented in the Petition.

Briefly summarizing the facts as found by the appellate court (see Pet. Ex. D, People v. Pedroza, No. D043423, slip op. at 3-8), Petitioner and his accomplice Carlos Moreno led at least thirteen immigrants on foot from Mexico into the United States, accompanied by one child who was a United States citizen. Once inside the United States, they met another accomplice who provided them with a pickup truck. Petitioner instructed the immigrants to lie down in the bed of the truck and covered them with a tarp. One immigrant, Ofelia Garcia, was permitted to ride in the cab of the truck holding her 19-month old child, but was not provided with a seat belt. When United States Border Patrol Agents began following the pickup truck and activated their lights to pull it over, Petitioner and Garcia told Moreno to slow down and that everything would be okay. Moreno did not slow down, and a spike strip was placed across the highway ahead of them. As they approached the spike strip, Moreno swerved to avoid it. Petitioner told him to

1 "step on it" and Moreno sped up, narrowly avoiding hitting a border patrol agent standing by the side of the road.

Another spike strip was placed ahead of the pickup truck, which ran over it but continued driving. The pickup briefly swerved into oncoming traffic on an interstate highway, but was soon traveling in the correct direction on the highway. Petitioner told Moreno to slow down and blend in with the other traffic, which Moreno did for a mile or two. Moreno then accelerated up to 90 miles per hour, but the agents following did not accelerate, allowing distance between them and the pickup truck. The pickup truck's front left tire began to go flat, but the truck continued another seven to ten miles at a high rate of speed. One of the border patrol agents in pursuit could see Petitioner and Moreno speaking to the people in the bed of the truck and attempting to take the tarp off, in what looked like preparations to do a "bail out," where the vehicle would stop and everyone would run in different directions. Petitioner told Moreno to slow down, but Moreno said he would "prefer to die than to be caught."

The pickup went off the highway going about 50 to 55 miles per hour, broke through a guardrail, slid down a slope and struck a concrete abutment. Three passengers were throw from the vehicle and killed. Garcia and her child were injured. Petitioner pretended to be one of the passengers, and he told one of the passengers that it was all Moreno's fault and that he had tried to get Moreno to stop. Garcia also testified that she and Petitioner told Moreno several times to slow down. (Pet. at 40-41.)

The jury was instructed that Petitioner could be found guilty of second degree murder under an aiding and abetting theory if they found that he intended to commit, encourage or facilitate the crime of second degree murder, or if second degree murder was a natural and probable consequence of some other criminal activity which he intended to aid, promote or facilitate. (R&R at 5.) A jury found Petitioner guilty of three counts of second degree murder, two counts of assault with a deadly weapon or force likely to produce great bodily injury, and one count of felony child abuse. (R&R at 2.) He contends in claim one here, as he did in the state courts, that the aiding and abetting instruction permitted the jury to convict him of second degree murder without proof of the required mental state, which he describes as knowledge that

a murder would be committed, in violation of the state and federal Constitutions.  (Pet. at 6, 42-61, 72-76, 87-100.)  He contends in claim two that a jury instruction which instructed that a member of a conspiracy is guilty of crimes that, to his knowledge, his confederates agreed to commit and did commit, as well as for the natural and probable consequences of any crime or act of a co-conspirator in furtherance of the conspiracy, also permitted a finding of guilt of second degree murder without proof of the necessary mental state, in violation of the state and federal Constitutions.  (Id. at 7, 62-67, 76-78, 100-04.)  He argues here, as he did in the state courts, in support of both claims, that even assuming the instructions were correct statements of California law, his federal Constitutional rights were violated by a state law which permits a mens rea element equivalent to negligence for a crime as serious as murder.  (Ibid.)

The Magistrate Judge found that there is no "clearly established federal law" applicable to Petitioner's claims within the meaning of 28 U.S.C. § 2254(d), and that Petitioner's "genuine gripe" concerns the interpretation of state law.  (R&R at 7.)  Petitioner objects to this finding, contending that he "did not have any voluntary intent" to commit murder, and therefore "the instructions 'relieved' the prosecution of its burden of proving beyond a reasonable doubt each element of the charged offense" in violation of In re Winship, because federal law, as clearly established in Staples and Morissette, requires something more than negligence for the mens rea element of second degree murder.  (Obj. at 5-7.)

The Magistrate Judge correctly found that Petitioner is not entitled to habeas relief in this Court based on a violation of state law or the state Constitution.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted).  The Court adopts the findings in the R&R that, to the extent Petitioner is presenting a challenge based on state law, he is not entitled to habeas relief.

It is a fundamental principle that the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). Failure to require the jury to find every element of the offense beyond a reasonable doubt is structural error. Sullivan v. Louisiana, 508 U.S. 275, 279-81 (1993).  It is also clearly

1  established that the Fourteenth Amendment's Due Process Clause is violated, and an applicant
2  is entitled to habeas corpus relief, "if it is found that upon the record evidence adduced at the
3  trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."
4  Jackson v. Virginia, 443 U.S. 307, 324 (1979).  Federal habeas courts must analyze Jackson
5  claims "with explicit reference to the substantive elements of the criminal offense as defined by
6  state law."  Id. at 324 n.16 (emphasis added).

7  As the Magistrate Judge correctly found, the Ninth Circuit has already rejected a
8  challenge that the jury instructions at issue here misstate the elements of second degree murder
9  under California law.  (R&R at 8, citing Solis v. Garcia, 219 F.3d 922, 926-27 (9th Cir. 2000),
10 citing People v. Prettyman, 14 Cal.4th 248 (1996) (listing elements of second degree murder).)
11 The Court adopts the Magistrate Judge's finding that the jury was not erroneously instructed
12 regarding the elements of second degree murder.  See Solis, 219 F.3d at 926-27.

13 The Court also adopts the finding that there is no clearly established federal law which
14 prevents the California legislature from defining the elements of second degree murder in the
15 manner which supports Petitioner's conviction.  See Solis, 219 F.3d at 926-27; Stanton v.
16 Benzler, 146 F.3d 726, 727 (9th Cir. 1998) (noting that states are generally free within broad
17 limits to define the elements of a criminal offense).  Petitioner's reliance on Staples and
18 Morissette is misplaced.  The Court in those cases found that a criminal intent element was
19 implicit in statutory offenses incorporated from federal common law criminalizing behavior
20 which, under federal common law, would be lawful but for the missing scienter element.
21 Staples, 511 U.S. at 608-09 (in statute criminalizing possession of a machinegun without proper
22 registration, finding that an element of knowledge beyond mere possession of the weapon
23 (knowledge of the weapon's capacity for automatic firing), was necessary in order to avoid
24 criminalizing behavior which fell within "a long tradition of widespread lawful gun ownership
25 by private individuals."); Morissette, 342 U.S. at 262-64 (in statute criminalizing conversion of
26 apparently abandoned property, finding that Congress presumed an element of criminal intent
27 which was required under federal common law to prevent liability for morally innocent acts).
28 The state court's refusal to extend that precedent to the context of Petitioner's claims did not

amount to an unreasonable application of that clearly established federal law. <u>Williams v. Taylor</u>, 529 U.S. 362, 407 (2000). Based on the foregoing, Petitioner's request for an evidentiary hearing is denied. <u>See</u> <u>Bashor v. Risley</u>, 730 F.2d 1228, 1233 (9th Cir. 1984) (holding that an evidentiary hearing is not required on issues which can be resolved on the basis of the state court record).

## CONCLUSION AND ORDER

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as set forth in this Order, **OVERRULES** Petitioner's objections and **DENIES** his request for an evidentiary hearing. The Court **DENIES** the Petition for writ of habeas corpus. The Court **ISSUES** a Certificate of Appealability as to each claim presented in the Petition. <u>See</u> <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further).

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 12, 2007

Hon. Barry Ted Moskowitz
United States District Judge