1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ANSELMO A PEDROZA,                          CASE NO. 05cv2169 BTM(PCL)

12                              Plaintiff,        **ORDER DENYING MOTION TO**
                                                 **VACATE JUDGMENT AND/OR**
13          vs.                                  **REOPEN TIME TO FILE AN**
                                                 **APPEAL**
     JAMES E. TILTON, Secretary,
14
                                Defendant.
15

16
         On February 17, 2009, the Court received Petitioner's "Motion for Relief From
17
     Judgment or Order Pursuant to Federal Rules of Civil Procedure 60(b)(6)."  Upon review of
18
     Petitioner's motion, it is apparent that Petitioner is actually seeking to reopen the time to file
19
     an appeal.  Petitioner argues that his Notice of Appeal (filed concurrently with the instant
20
     motion) should be deemed timely because he never received notice of the Court's order
21
     denying his Petition for Writ of Habeas Corpus or the Clerk's Judgment until he received a
22
     copy of the order and a copy of the docket on January 30, 2009.
23
         Fed. R. App. P. 4(a)(6) provides the *exclusive* means for extending the time to appeal
24
     due to failure to learn that judgment has been entered.  In re Stein, 197 F.3d 421, 425 (9th
25
     Cir. 1999).  A party cannot rely on Fed. R. Civ. P. 60(b) to circumvent the deadlines imposed
26
     by Fed. R. App. P. 4(a). Id.
27
         Under Fed. R. App. P. 4(a)(6)(B), a motion to reopen must be filed "within 180 days
28
     after the judgment or order is entered or within 7 days after the moving party receives notice

                                                  1

under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*."   (Emphasis added.)   The 180-day period establishes an outer limit beyond which no relief may be granted.  <u>Stein</u>, 197 F.3d at 425.  Rule 4(a)(6) "makes it clear that parties are expected to energize themselves, and to discover the entry, with or without notice."  <u>Id.</u>

In this case, the Court's order denying the Petition for Writ of Habeas Corpus was entered on June 12, 2007.  The Clerk's Judgment was entered that same day.  (Petitioner erroneously claims that no separate judgment was entered.)

Petitioner's motion to reopen was filed well beyond 180 days after the entry of judgment.  Therefore, Petitioner's motion to vacate the judgment and/or reopen the time to file an appeal is **DENIED**.

**IT IS SO ORDERED.**

DATED:  March 3, 2009

Honorable Barry Ted Moskowitz
United States District Judge

2